## MAESTRE v. THE REGISTRAR OF PROPETRY.

APPEAL from a decision of the Registrar of Property of Ponce.

No. 4.—Decided June 27, 1908.

RECORD OF JUDICIAL SALE—COOWNERSHIP OF A DEFENDANT.—An action having been brought against a succession and an agricultural partnership, and the members of both having been adjudged jointly to pay the debt, the share of one of the defendants in the properties attached must be considered as included in the public sale held to satisfy the judgment, and the incurable defect claimed by the registrar to exist is not present.

CURABLE DEFECT—STATEMENT OF AGE OF CONTRACTING PARTIES—FAILURE TO PRESENT POWER OF ATTORNEY.—Failure to state the age of the contracting parties in a deed does not constitute any defect whatever, it being sufficient if it is stated that they are of legal age, but it is a curable defect to fail to present the power of attorney of the party appearing to accept the deed in the name of the purchaser, inasmuch as in accordance with the provisions of section 1226 of the Revised Civil Code, no person may contract in the name of another without being by him authorized or without authority of law so to do.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This appeal, taken by José Tous Soto in the name of Felix Maestre Serrano from a decision of the Registrar of Property of Ponce, refusing to record a judicial deed of sale, has been duly considered.

The writ having been issued to the marshal of the District Court of Ponce for the execution of the judgment rendered by the said court in an action prosecuted by Felix Maestre Serrano against the Estate of Francisco Giraldez Cividanes, composed of his widow, Nicolas Bosch, his children, Francisco, Francisca and Juan Giraldez y Bosch and his grandchildren, Miguel and Leopoldo Fernández Giraldez, María de las Mercedes Martínez y Geraldez and María Luisa Silva y Giraldez, and against Florencio Fernández, Serafín Martínez and Juan Giraldez as members of the firm of "Giraldez é Hijos," an agricultural partnership doing business in Adjuntas, for the recovery of $900 and interest at 6 per cent per annum from December 31, 1903, the said sum representing his salary as *mayordomo,* for the firm of "Giraldez é Hijos," and for Francisco Giraldez y Cividanes, by which judgment the defendants were adjudged to pay *in solidum* the amount claimed, the marshal proceeded to execute said judgment and, for that purpose, attached four properties owned by the defendants, and no bidder having appeared at the public auction, awarded the properties attached to the creditor, Felix Maestre Serrano, and executed a deed of sale in his favor before notary Manuel León Parra on September 30, 1907, which was accepted in the name of the purchaser by his attorney, José Tous Soto, and the said deed having been presented in the registry of property of that district for record, the registrar refused to record the same with respect to the interest in the properties of Serafín Martínez, but admitted the same with respect to the others, for the reasons set forth in the decision

entered at the end of the document, a literal copy of which decision reads as follows:

"The foregoing document is recorded at Folio 19 to 26, of books 50 and 62, and folios 123 and 127 of volume 61, all of the *ayuntamiento* of Adjuntas, properties numbered 856 triplicate, 156 quintuplicate, 261 duplicate, and 731 duplicate, records 18, 5 and 4 except, as to the shares therein belonging to Serafín Martínez, admission to record of which is denied because of the incurable defect that he was not included as a member of the Estate of Giraldez, among the defendants, and said cautionary notice is "entered to be effective for four months, it being further mentioned that curable defects exist therein, in that the power of attorney of José Tous Soto was neither mentioned in the document under which he accepted the deeds in the name of the purchaser nor was the same presented, and a further defect that the age of the purchaser does not appear in the deed. Ponce, March 2, 1908. Registrar, José Sastraño Belaval."

From this decision, Attorney José Tous Soto took an appeal in due time, in behalf of Felix Maestre Serrano, praying for the reversal thereof, and an order directing the registrar to record the deed.

The deed herein involved contains a copy of writ issued to the marshal of the District Court of Ponce for the execution of the judgment rendered in the action prosecuted by Felix Maestre Serrano against the Estate of Francisco Giraldez Cividanes composed of the persons mentioned in the writ aforesaid, and against Florencio Fernández, Serafín Martínez and Juan Giraldez, as members of the firm of "Giraldez é Hijos," an agricultural partnership doing business in Adjuntas, by which judgment the defendants were adjudged to pay *in solidum* the sum claimed by the plaintiff. It is evident that the marshal of the district court had a right to include in the attachment for the execution of the judgment the shares in the ownership of the properties mentioned, belonging to Serafín Martínez, as one of the members of the firm of "Gi-

raldez é Hijos'' was adjudged to pay *in solidum* the amount claimed, together with the other. defendants, and must be considered to have been included in the public sale made to the purchaser, Felix Maestre Serrano.

The deed is not defective because of the fact that the age of the parties executing the same is not stated, it being sufficient to state that they are of legal age; but the failure to present the power of attorney conferred on José Tous Soto to accept the deed in the name of the purchaser, Felix Maestre Serrano, does constitute a defect because, according to the provisions of section 1226 of the Revised Civil Code, no one may contract in the name of another without being duly authorized so to do, or unless the law makes him the legal representative of the person for whom he acts.

The decision entered by the Registrar of Property of Ponce at the end of the deed involved herein is reversed in so far as the same declares that the deed is not recordable with respect to the shares in the ownership of the property attached belonging to Serafín Martínez, and the further statement of the existence of the curable defect consisting in the fact that the age of José Tous Soto is not given, and it is hereby held that the said deed is recordable in respect to the share of Serafín Martínez in the ownership of the properties attached, the same as the others with the curable defect that José Tous Soto had authority to accept the deed of sale in the name of the purchaser, Felix Maestre Serrano. And the documents presented to the Registrar of Property of Ponce are hereby ordered to be returned together with a certified copy of this decision, for the information of all the interested parties, and for the other proper purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.